IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TIMOTHY G. CUNNINGHAM,

                Petitioner,

    v.                                    CASE NO. 09-3014-SAC

MISSOURI 16TH JUDICIAL CIRCUIT COURT, et al.,

                Respondents.

**O R D E R**

This matter is before the court on a petition for a writ of habeas corpus, filed pro se by a prisoner confined in the Johnson County Adult Detention Center in Olathe, Kansas. Having reviewed petitioner's limited financial resources, the court grants petitioner leave to proceed in forma pauperis in this habeas action.[1]

Petitioner appears to challenge the validity of a detainer filed against him by Missouri officials, and argues he is unaware of any outstanding charges in Missouri. The respondents named in this action are the 16th Judicial Circuit Court in Jackson County, Missouri, and Jackson County Assistant Prosecutor Janette Kay Rodecap. Having reviewed the record, the court finds this matter is subject to being dismissed without prejudice for the following reasons.

---

[1] *See* United States v. Simmonds, 111 F.3d 737 (10th Cir. 1997)(filing fee provisions imposed by 28 U.S.C. § 1915(b) on prisoners filing civil actions or appeals in federal court do not encompass habeas actions or appeals therefrom).

First, the petition is far too sparse to determine the factual or legal basis for any claim. There is, however, nothing to suggest petitioner is challenging the effect of the Missouri detainer on his present confinement.

Second, even assuming appropriate officials responsible for issuing the detainer are named as respondents, they are clearly outside this court's jurisdiction. *See* <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484, 495 (1973)(habeas jurisdiction requires "that the court issuing the writ have jurisdiction over the custodian").

And finally, to challenge the validity of a detainer issued by Jackson County, Missouri, petitioner must do so by exhausting remedies available in the Missouri courts. *See* <u>Knox v. State of Wyoming</u>, 959 F.2d 866, 868 (10th Cir. 1992)(state issuing the detainer should resolve petitioner's federal claims in the first instance); <u>Wilson v. Jones</u>, 430 F.3d 1113, 1117 (10th Cir. 2005)(absent a demonstration of futility, a habeas petitioner seeking relief under 28 U.S.C. § 2241 is required to first exhaust available state remedies); <u>Montez v. McKinna</u>, 208 F.3d 862, 866 (10th Cir. 2000)("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."). Petitioner does not allege his state remedies in Missouri are unavailable or ineffective, nor does he identify any impediment to seeking such relief in a Missouri state court.

The court thus directs petitioner to show cause why the petition should not be dismissed without prejudice for the reasons stated by the court. The failure to file a timely response may result in the petition being dismissed without prejudice, and

2

without further prior notice to petitioner.

IT IS THEREFORE ORDERED that petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

IT IS FURTHER ORDERED that petitioner is granted twenty (20) days from the date of this order to show cause why the petition should not be dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 5th day of February 2009 at Topeka, Kansas.

                                          s/ Sam A. Crow
                                          SAM A. CROW
                                          U.S. Senior District Judge